UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CHARLES WHITAKER**                                                                                              **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 5:09CV-P128-R**

**STEVE HILAND AND CHANIN HILAND**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Charles Whitaker, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### AMENDMENT TO COMPLAINT

Before the Court considers the complaint in this matter, the Court first considers a motion from Plaintiff filed after he filed his complaint in which he simply states that he wants the Court to take Defendants' licenses and pay Plaintiff $490,000 (DN 5). The Court construes this motion as a motion to amend the complaint. Because no responsive pleading has been served, the Court **GRANTS** Plaintiff's motion to amend his complaint (DN 5). Fed. R. Civ. P. 15(a)(1)(A).

### I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Penitentiary. He sues in their official capacities Dr. Steve B. Hiland and Nurse Chanin Hiland. He states that Defendants do not want to do their job because they fail to check his blood levels every six months to monitor his seizure and thyroid disorders and that they do not want to help him with his asthma. He further alleges that Defendants refuse to give him medical treatment for bleeding (he states that he is a "free bleeder"), headaches, joint aches, and asthma.

In the complaint, Plaintiff asks for monetary damages of $290,000 and medical treatment. In the amendment to the complaint, he asks for $490,000 and to have Defendants' licenses revoked.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff sues Defendants in their official capacity. Because he sues employees of the Commonwealth of Kentucky in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983.  Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.  *See id.*  The Court will dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State."  *Will*, 491 U.S. at 71 n.10.  The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach.  There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983."  *Id.* at 757.  Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of medical treatment.  Consequently, Plaintiff's § 1983 action, insofar as it is for injunctive relief against Defendants in their official capacity, is not barred by the Eleventh Amendment's grant of sovereign immunity.  The Court therefore will allow that claim to proceed.

**Claim to revoke licenses**

Plaintiff states that he wants Defendants to lose their licenses.  The Court presumes Plaintiff wishes Defendants to lose their medical licenses.  The award and revocation of medical licenses is a matter for the Commonwealth of Kentucky.  *See*, *e.g.*, Ky. Rev. Stat. § 311.565(1)(c) (the State Board of Medical Licensure may "[i]ssue, deny, suspend, limit, restrict, and revoke any licenses or permits that may be issued by the board").

Plaintiff "fails to show that 42 U.S.C. § 1983 is a viable legal vehicle to seek an order by a state agency to revoke a medical license of the type at issue or that this Court otherwise has

3

jurisdiction over such a claim." *Ryals v. Aschberger*, No. H-09-1741, 2009 WL 1749420, at *4 n.1 (S.D. Tex. June 18, 2009). This claim will be dismissed.

### III. CONCLUSION

For the foregoing reasons, by separate order, Plaintiff's claims for monetary damages against Defendants and for revocation of their licenses will be dismissed for failure to state a claim and for seeking monetary damages from Defendants who are immune from such relief. The Court will allow Plaintiff's claims against Defendants for medical treatment to go forward. In doing so, the Court does not pass judgment on the ultimate merit of that claim. A separate order will be entered to govern the development of that claim.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009